LONG v. THOMPSON & TUCKER LUM-
BER CO.

(Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1911.)

1. ADVERSE POSSESSION (§ 114*)—NATURE—
VISIBLE AND NOTORIOUS POSSESSION—EVI-
DENCE.

Evidence in trespass to try title *held* to
show that defendant for more than five years
had peaceful and notorious possession of part
of the land in controversy, claiming the entire
tract and paying taxes thereon.

[Ed. Note.—For other cases, see Adverse Pos-
session, Dec. Dig. § 114.*]

2. ADVERSE POSSESSION (§ 100*)—NATURE—
CONSTRUCTIVE POSSESSION.

Where defendant, who claimed an entire
survey of land under color of title, had peace-
ful and exclusive possession of part of the land
for more than the statutory period and paid
taxes upon the whole, he acquired title to the
entire survey; his actual possession of part
being in constructive possession of the whole.

[Ed. Note.—For other cases, see Adverse Pos-
session, Cent. Dig. §§ 547–574; Dec. Dig. §
100.*]

Appeal from District Court, Trinity Coun-
ty; S. W. Dean, Judge.

Trespass to try title by John D. Long
against the Thompson & Tucker Lumber
Company. From a judgment for defendant,
plaintiff appeals. Affirmed.

Nunn & Nunn and Crow & Phillips, for
appellant. Lane, Wolters & Storey, Kenley
& Minton, and Wm. A. Vinson, for appellee.

McMEANS, J. This is a suit of trespass
to try title brought by John D. Long against
the appellee, Thompson & Tucker Lumber
Company, and Henry Ward to recover the
John D. Long 492-acre survey of land in
Trinity county. The defendant, Thompson
& Tucker Lumber Company, pleaded a gen-
eral denial, not guilty, and the statutes of
limitation of three, five, and ten years, and
certain special pleas, which, in the view we
take of the case, need not be set out. An
agreed judgment was rendered in favor of
Henry Ward for 100 acres of the land in con-
troversy, and, as he is not a party to this ap-
peal, his pleadings were omitted from the
record. The case was tried before a jury
and resulted in a verdict and judgment for
appellee for the land in controversy except
the 100 acres recovered by Ward. From
this judgment the plaintiff, after his motion
for new trial had been overruled, has ap-
pealed.

The appellant's second assignment of er-
ror is predicated upon the refusal of the
court to give his special charge No. 3, which
instructed the jury to find for plaintiff
against appellee on the issue of limitation.
The appellee urges an independent proposi-
tion in which it contends that the proof de-
duced on the issue of five years limitation
requires an affirmance of the judgment with-
out regard to the correctness of the rulings

of the court below in matters urged in oth-
er assignments of error presented by appel-
lant in his brief.

[1] In view of these opposing contentions,
we will first consider the evidence bearing
on the issue of five years limitation, which
was the only period of limitation submitted
by the court to the jury. On October 29,
1888, George A. Wright sold the land in con-
troversy to Thompson & Tucker Lumber
Company, by deed bearing said date, which
was duly acknowledged and recorded in the
deed records of Trinity county on November
30, 1888. Thompson & Tucker Lumber Com-
pany paid all taxes on the land each year
from the year of its purchase to the time of
filing of this suit, which was December 2,
1908. The sawmill plant of the Thompson &
Tucker Lumber Company is situated about
one-fourth of a mile north of the north line
of the land in controversy. In 1896, J. M.
Thompson, then president of the company,
and acting for it, had a pond constructed
for the purpose of furnishing water for the
mill and for horses and cattle of the com-
pany. This pond was several acres in extent,
and a portion of it was upon the land in
controversy. In the early part of 1897, the
Thompson & Tucker Lumber Company in-
closed with a fence about 35, 40, or 50 acres
of land. This inclosure included the pond
and also 25½ acres in the northeast corner
of the Long survey, and extended over upon
the Grandberry survey on the east and an-
other survey upon the north. The purpose
of making this inclosure was to make a pas-
ture for the stock owned by the company as
well as the milch cows and horses owned by
its officers, agents, and employés, and the
pasture was kept inclosed and so used for
more than ten years consecutively. At the
time the fence was built, and continuously
since then, the lumber company claimed the
Long survey, knew its boundaries, and knew
that a part of the inclosure was upon it.
The inclosure was for more than five consec-
utive years after its construction sufficient
to keep stock in or out. The testimony is
undisputed, and we think it is sufficient to
show that the Thompson & Tucker Lumber
Company had and held the peaceable and
adverse possession of 25½ acres in the north-
east corner of the John D. Long survey con-
tinuously for a period of more than five years
prior to the institution of this suit in De-
cember, 1908, using and enjoying the same
and paying all taxes thereon, claiming the
land under a deed duly registered in the
county where the land is situated, and that
the extent of the inclosure and the character
of its use were such as to unmistakably in-
dicate an assertion of claim of exclusive
ownership by said lumber company to the
entire tract of land described in the deed.

[2] This being true, the actual possession

of the lumber company of the 25½ acres drew to it the constructive possession of all the land described in the deed. We think, therefore, that no judgment could have been rendered under the testimony other than for the defendant. This conclusion obviates the necessity of passing upon other assignments presented by appellant in his brief, for, if errors in other matters are shown, they are, in view of our conclusion above stated, wholly immaterial to a proper disposition of this case.

The judgment of the court below is affirmed.

Affirmed.